# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4924 | **DATE** | 3/29/2001 |
| **CASE TITLE** | SANDRA POKUTA vs. INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE 142 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion for summary judgment [17-1] is granted. Judgment is entered for defendant International Association of Machinists and Aerospace Workers, District Lodge 142 and against plaintiff Sandra Pokuta on all federal claims. The pendant state fraud claim is dismissed without prejudice. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 30 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 22 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3/29/2001 date mailed notice | |
| SB courtroom deputy's initials | | jad mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA POKUTA, | ) | |
| | ) | |
| Plaintiff, | ) No. 00 C 4924 | |
| | ) | |
| v. | ) Suzanne B. Conlon, Judge | |
| | ) | |
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE 142, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAR 3 0 2001

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Sandra Pokuta ("Pokuta") sues International Association of Machinists and Aerospace Workers, District 142 ("IAM") for fraud, breaching its duty of fair representation under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Pokuta contends IAM intentionally misrepresented facts to protect the jobs of younger employees at her expense. IAM moves for summary judgment against all of Pokuta's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1.

## BACKGROUND

All facts are undisputed unless noted otherwise. Pokuta worked for Trans World Airlines ("TWA") for thirty-three years. She was promoted to the position of employee-in-charge in late March 1996. Just after Pokuta was promoted, she was involved in an altercation with Elizabeth Hernandez ("Hernandez") and Charity DiLiberti ("DiLiberti"), TWA employees who worked under Pokuta. As a result of the altercation, TWA charged Hernandez with violating three rules of conduct.

22

TWA charged DiLiberti with violating one rule of conduct and sent her a letter acknowledging her insubordination. Hernandez and DiLiberti were not terminated for their misconduct.

Under a collective bargaining agreement, IAM represented Pokuta in her discharge hearing. Rita Kepple ("Kepple"), a TWA grievance committee member, represented Pokuta at the hearing in mid-April 1996. Pokuta called witnesses, testified, and read a statement. Kepple submitted a written statement in Pokuta's support to the hearing officer, John Cherne. Def. Ex. 13. Pokuta denied at the hearing and continues to deny she committed any wrong. At the end of April 1996, TWA terminated Pokuta for her role in the altercation. Pokuta was then fifty-one. Hernandez was over twenty years younger than Pokuta and DiLiberti was thirty years younger.

Pokuta appealed her termination. Her appeal was denied and referred to arbitration. Pokuta retained independent counsel at the arbitration hearing. Pokuta's attorneys filed a post-hearing brief on her behalf. The arbitration panel upheld Pokuta's termination in mid-March 1997. With the aid of new counsel in mid-August 1997, Pokuta sought a federal district court order setting aside the arbitration panel's decision. In late September 1998, the court granted TWA's motion to dismiss the complaint, finding there was no basis to set aside the arbitration panel's decision. The Seventh Circuit affirmed the decision. Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999).

After obtaining documents at an unspecified time in 2000, Pokuta contends she discovered IAM sent an inaccurate complaint about her to Cherne, the hearing officer.[1] This statement allegedly caused Cherne to rule in favor of Pokuta's termination. Pokuta claims IAM intentionally misrepresented her role in the altercation to preserve Hernandez and DiLiberti's jobs.

---

[1] However, In her suit against TWA three years earlier, Pokuta claimed TWA's counsel improperly sent this statement to the arbitrator. Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999).

2

On May 1, 2000, Pokuta filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against IAM. The EEOC dismissed the charge as untimely on May 17, 2000.

## **DISCUSSION**

### I. Summary Judgment Standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); King v. National Human Res. Comm., Inc., 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Silk v. City of Chicago, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transp. Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000).

### II. Subject Matter Jurisdiction

#### A. Age discrimination claims

The IAM moves for summary judgment against Pokuta for lack of subject matter jurisdiction. A charge alleging violation of the ADEA must be filed with the EEOC within 300 days of the alleged unlawful practice or discriminatory conduct. 29 U.S.C. § 626(d); Huels v. Exxon Coal USA, Inc., 121 F.3d 1047, 1049 (7th Cir. 1997); Schroeder v. Copley Newspaper, 879 F.2d 266, 269 (7th Cir. 1989). The 300 day limitation period begins on the date that with the exercise of reasonable diligence Pokuta

3

knew or should have known of the allegedly discriminatory actions. *See* Delaware State Coll. v. Ricks, 449 U.S. 250, 256-57 (1980); Jones v. Merchants Nat'l Bank & Trust Co., 42 F.3d 1054, 1058 (7th Cir. 1994); Moskowitz v. Trustees of Purdue Univ., 5 F.3d 279, 281-82 (7th Cir.1993). IAM allegedly committed wrongful acts against Pokuta during her discharge hearing, which ended in April 1996. Pokuta did not file her EEOC charge against IAM until May 2000, years beyond the 300 day statute of limitations period.

Pokuta may avoid the statute of limitations bar under theory of equitable tolling if despite the exercise of reasonable diligence she could not have known she was the victim of discrimination. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990); Jones v. R.R. Donnelley & Sons, No. 96 C 7717, 1999 WL 639180, at *2 (N.D. Ill. Aug. 17, 1999). To avail herself of equitable tolling, Pokuta must bring suit within a reasonable time after the necessary information could have been obtained. Cada, 920 F.2d at 453. Pokuta alleges IAM deliberately prevented her from obtaining information about its misconduct during the discharge hearing. She contends that when she finally obtained the new information sometime in 2000, she brought suit within five months, a reasonable amount of time.

The undisputed facts show that Pokuta knew as early as her initial discharge hearing in April 1996, that "there was something very wrong and [she] was very worried about [her] job, and it was very clear that there was something very deceptive going on . . ." Def. Ex., Pokuta dep. at 147. Following the initial discharge hearing and prior to the arbitration hearing, Pokuta believed IAM was not properly representing her. In late July 1996, Pokuta sent a letter to the IAM general president complaining that Kepple and other union representatives were not responding to her requests for information and that they refused to provide Pokuta with documents relevant to her case. Def. Ex.,

4

Pokuta dep. at 162-66; Def. Ex. 31. In early September 1996, Pokuta conveyed to Kepple her belief that IAM and Kepple had poorly represented her at the initial discharge hearing and that Kepple "sold her down the river to protect a TWA ramp employee." Def. Ex., Pokuta dep. at 176; Def. Ex. 34; Def. Ex., Kepple decl. at ¶¶ 35-38. Pokuta sent another letter in October 1996 to a union representative complaining that IAM could have prevented the loss of her job at the initial discharge hearing. Def. Ex. 37. Pokuta testified she wrote this letter because she felt that the union was not representing her properly. Def. Ex., Pokuta dep. at 190-91, 194.

Following the arbitration hearing, Pokuta again expressed her belief that the manner in which IAM defended her discharge case was false and deceitful. On September 27, 1998, Pokuta sent a letter to the IAM president/directing general chairman, complaining that IAM's handling of her case was false and deceitful. Def. Ex. 36. Pokuta clearly expressed these beliefs more than 300 days before she filed her EEOC charge in May 2000. Accordingly, Pokuta knew or should have known IAM purportedly discriminated against her in its handling of her discharge case as early as 1996 and as late as 1998, far outside the statute of limitations.

### B. Duty of fair representation

A duty of fair representation claim must be filed within six months after the plaintiff discovers or should have discovered the acts constituting the alleged breach of duty. Christiansen v. APV Crepaco, Inc., 178 F.3d 910, 913-16 (7th Cir. 1999); Chapple v. National Starch & Chem. Co., 178 F.3d 501, 504-07 (7th Cir. 1999). Pokuta brought her claim years after purportedly discovering evidence that IAM breached its duty of fair representation. Accordingly, Pokuta's federal claims are time-barred.

## C. Fraud

IAM does not address Pokuta's fraudulent misrepresentation claim. Because Pokuta's federal claims are time-barred, her fraudulent misrepresentation claim is dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367.

## CONCLUSION

The motion for summary judgment is granted on all federal claims. The pendant state fraud claim is dismissed without prejudice.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

March 29, 2001